

786

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Hon. George H. Sheppard
Comptroller of Public Accounts
Austin, Texas

Dear Sir:                    Opinion No. 0-2374
                             Re: Traveling expenses--Senate Bill 427,
                                 Acts 46th Legislature--incurred in
                                 attending conventions.

        Your letter of May 16, 1940, is quoted below:

        "A department head submits to your department a
letter requesting your approval of an out-of-state
trip to be made by one of his employees. In support
of his request he makes a clear and concise statement
of the duties to be performed on said trip by such
employee, showing clearly that the purpose of the trip
is for state's business.

        "You examine and approve the request, and copy
of your approval is filed in this department as re-
quired by the rider on the General Appropriation Bill,
Senate Bill 427, Acts of the Regular Session of the
Forty-sixth Legislature.

        "When the employee files his expense account it
is learned that in addition to performing the duties
set out in his letter request to you, he attended a
convention while on the trip.

        "Is this department authorized to issue warrant
in payment of his expense account (either in whole,
or in part) in view of the rider on the Appropriation
Bill, which reads: 'No moneys herein appropriated
shall ever be spent to pay the traveling expenses of
any State employee to any type of convention within
the State or without the State.'

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

"You will notice the above quoted rider mentions 'State employee.' Would the same prohibition apply to the expenses incurred by the head of the department or the executive head of the department as to the State employee?

"In your answer to this second question I refer you to an opinion addressed to this department November 7, 1935, written by Honorable Earl Street, Assistant Attorney General."

For convenience, we answer your second question first. The general rider appended to Senate Bill 427, Acts of the 46th Legislature, provides, in the section on traveling expenses, as follows:

"No moneys herein appropriated shall ever be spent to pay the traveling expenses of any State employee to any type of convention within the State or without the State."

"(g) It is expressly provided that the provisions of this Act, with reference to traveling expenses, shall not apply to the Governor and the Lieutenant Governor of this State."

"(j) Except as otherwise specifically exempted, the provisions of this Act shall also apply to the department heads and members of commissions."

These provisions of the appropriation bill evidence the legislative intent that the prohibitions contained in the section on traveling expenses should apply to all officers and employees of the State government, save and except the Governor and the Lieutenant Governor of the State, unless a specific exemption from such provisions of the appropriation bill, other than the exemption of the Governor and the Lieutenant Governor, may be found in reference to a particular department head or member of a particular commission.

The answer to your first question depends upon the ascertainment of certain questions of fact, which it is not the province of this department to determine. We can only state the rules which will govern you as applied to the various fact situations which may exist, leaving the fact-finding to be made by your department.

Hon. Geo. H. Sheppard, Page 3

1. If it be determined that the particular trip on State's business was made for the purpose of enabling the person to attend the convention, that is, if it be determined that there was involved the attempt to evade the provisions and prohibitions of the appropriation bill, the amount may not be paid by your department.

2. If there was no attempt to evade the prohibitions of the rider appended to Senate Bill 427, Acts 46th Legislature, the account may not be paid in whole or in part if it is not possible to determine what portion of the expenses were incurred in attending the convention and what portion of the expenses were incurred in the transaction of State's business not involving attendance upon the convention.

3. If there was no attempt to evade the prohibitions of the appropriation bill, and if it is possible to determine what portion of the expenses incurred were required in transacting State's business not involving attendance upon the convention, such portion of the account may be paid.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By          R. W. Fairchild
            Assistant

RWF:PBP

APPROVED MAY 24, 1940

ATTORNEY GENERAL OF TEXAS



APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN